```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JOAN NEWBERGER                                CIVIL ACTION

VERSUS                                        NO: 13-6548

MARIA DAVIDSON, LOUISIANA                     SECTION: R
DEPARTMENT OF WILDLIFE AND
FISHERIES

### ORDER AND REASONS

Defendant Maria Davidson, in her official capacity as an employee of the Louisiana Department of Wildlife and Fisheries ("LDWF"), and the LDWF[1] have filed a motion to dismiss plaintiff Joan Newberger's claims asserting violations of her rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.[2] Defendants argue that plaintiff's complaint must be dismissed because (1) the claims are time-barred by the one-year statute of limitations applicable to Section 1983 claims arising in Louisiana, (2) the claims are barred by *res judicata*, (3) the plaintiff has failed to state a claim on which relief can be granted, and (4) the LDWF, and Maria Davidson acting in her official capacity as an employee of the LWDF, are entitled to sovereign immunity from suit in federal court.

This Court previously dismissed a separate suit brought by the plaintiff, which asserted violations of the Americans with

---

[1] It is not clear from plaintiff's complaint whether she intended to name only Maria Davidson in her official capacity as a defendant, or whether she intended to name both Davidson and the LDWF.

[2] R. Doc. 6-1.

Disabilities Act based on the same set of facts. *See Newberger v. Louisiana Dept. of Wildlife and Fisheries*, CIV.A. 11-2996, 2012 WL 3579843 (E.D. La. Aug. 17, 2012) ("*Newberger I*"). Plaintiff then filed a second suit, which was allotted to Section H of this Court, asserting her Fourth, Fifth, and Fourteenth Amendment claims. Judge Jane Triche Milazzo dismissed plaintiff's claims with prejudice as barred by the one-year statute of limitations governing Section 1983 claims arising in Louisiana. *See Newberger v. Davidson*, CIV.A. 12-2360, 2013 WL 3804720 (E.D. La. July 19, 2013) ("*Newberger II*"). Plaintiff then filed her complaint in the present case asserting substantially the same claims.[3]

The Court need not address defendants' arguments that plaintiff's claims are barred by res judicata or sovereign immunity or that they otherwise fail to state a claim. The claims remain barred by the statue of limitations for the reasons articulated by Judge Milazzo in *Newberger II*.

Accordingly, the Court GRANTS defendants' motion and dismisses plaintiff's complaint with prejudice.

New Orleans, Louisiana, this 30th day of April, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. 1; R. Doc. 5.